UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, aka RONALD SATISH EMRIT,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ERIN BURNETT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 25-CV-2688 JLS AHG<br><br>**ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(ECF No. 2) |

Presently before the Court is *pro se* Plaintiff Ronald Satish Emrit's Motion to Proceed *In Forma Pauperis* ("Motion," ECF No. 2). The Court **DENIES** Plaintiff's Motion.

### *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1

only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by* 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

The Court follows other courts in this district finding that Plaintiff "is a classic example of a litigant who abuses the privilege of proceeding IFP." *Emrit v. Experian, Inc.*, No. 18-cv-311-BAS-AGS, ECF No. 3, at *2 (S.D. Cal. Mar. 5, 2018). Plaintiff has filed "over two hundred civil cases and appeals in the federal court system," *id.*, and has been sanctioned by the Western District of Texas, determining that he "abuses the in forma pauperis process and clogs the federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (listing cases). Plaintiff has also been barred from filing suits without leave of court in at least three federal district courts. *See Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No. 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D.

Nev. Jan. 14, 2016); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4; *Emrit v. Time Warner, Inc.*, No. 1:14-cv-00314-LAP, ECF No. 13 (S.D.N.Y. May 16, 2014).  Further, Plaintiff has filed this exact same incoherent complaint in the District of Oregon, where the court recommended dismissing the complaint with prejudice, denying IFP status, and entering a prefiling order against Plaintiff.  *Presidential Candidate Number P60005535 v. Burnett*, No. 25-cv-1864-CL, ECF No. 4, at *7 (D. Or. Oct. 29, 2025).  The court noted that his complaint "is untethered to reality" and that Plaintiff "has filed hundreds of frivolous lawsuits in districts throughout the country."  *Id.* (collecting cases).

The Court finds that this kind of over litigation of frivolous issues is a waste of judicial resources and an abuse of the IFP process.  Therefore, the Court **DENIES** Plaintiff's Motion.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2).  If Plaintiff wishes to proceed, he must pay the required filing and administrative fee of $405.00 no later than <u>seven (7) days</u> after this Order is electronically docketed.  Failure to timely make the applicable payment will result in dismissal of this action.

**IT IS SO ORDERED.**

Dated:  November 10, 2025

Hon. Janis L. Sammartino
United States District Judge